IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND GILL,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

Civil Action No.:  RDB-21-851

**MEMORANDUM**

On April 2, 2021, self-represented Petitioner Raymond Gill filed this petition asserting his entitlement to vacatur of a federal conviction dating back to 1986. ECF 1. Gill entitles his pleading "Writ of Error Coram Nobis." Because Gill does not present a colorable claim for such a writ, the petition shall be dismissed as explained below.

Gill states that on June 20, 1985, he was transferred from the Federal Correctional Institution in Ashland, Kentucky to the Volunteers of America ("VOA") in Baltimore, Maryland. ECF 1 at 1. At that time, Gill was serving a 15-year prison term for bank robbery in connection with Criminal Case K-81-017 and a 20-year prison term for bank robbery in connection with Criminal Case K-81-105. *Id*. He states that he left the VOA on September 3, 1985, when he was not authorized to do so. *Id*. In his view, Gill states that this was "a walk off (absconded)" and did not constitute an escape. *Id*. at 2.

Gill states he was arrested on November 11, 1985 in Middlesex County, New Jersey. ECF 1 at 2. He waived extradition for pending federal and state bank robbery charges in Baltimore City and Baltimore County, Maryland. *Id*.

On June 12, 1986, Gill was sentenced in this Court to an aggregate sentence of 20 years in connection with Criminal Case K-81-017, B-86-9, and B-86-231.  ECF 1 at 2.

On August 11, 1986, Gill appeared in State court and was given a 25-year sentence concurrent to the federal sentence of 20 years.  *Id*.  According to Gill, he was to serve his term of confinement in federal custody, but he was instead kept in State custody for one-year.  *Id*. at 2-3.  He states that he "began to serve the state sentence of 25 years in the Maryland Penitentiary."  *Id*. at 3.  Gill adds that "his original jurisdiction was federal" because he was transferred from the Federal Correctional Institution in Ashland Kentucky to the VOA in Baltimore, Maryland.  *Id*.

After "serving 541 [days of] inoperative time towards [his] federal sentence" Gill states he was transferred to the United States Penitentiary in Leavenworth, Kansas for service of a 29-year sentence.  *Id*.  The State of Maryland lodged a detainer against Gill to insure his return to Maryland after service of his federal sentence.  *Id*.  Gill recalls that the Lewisburg Prison Project contacted "the State and Federal Judges" to clarify that their intent was for him to serve all of his time in federal custody.  *Id*. at 3-4.  The Lewisburg Prison Project then contacted "the State Commissioner of Maryland" and the Maryland detainer was lifted.  *Id*. at 4.

Gill concludes that the "sentence should be vacated, set aside, or correct[ed]" and that his escape charge should be vacated since "a walk off (VOA) does not constitute a[n] escape."  *Id*. at 4.  He seeks to have 541 days counted towards "Federal sentence, with Good time."  *Id*.  He states that the "conviction must be removed off the record for just cause."  *Id*. at 5.  Gill does not specify which conviction he believes should be vacated, nevertheless he claims "the Court" knew he was "being held illegally in State jurisdiction" at the Maryland Penitentiary which, in Gill's view, somehow entitles him to vacatur of all or some of his federal convictions.  *Id*.

A writ of error coram nobis is an "extraordinary remedy available only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511 (1954). Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512-13. Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). This extraordinary writ is used where "no other remedy may be available," and an "error of the most fundamental character" must have occurred. *United States v. Mandel*, 862 F.2d, 1067, 1075 (4th Cir. 1988). Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. *Id.* The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Bazuaye*, 399 Fed. Appx. 822, 2010 W.L. 4366456, * 1 (4th Cir. 2010) (unpublished), citing *Hirabayashi v. United States,* 828 F.2d 591, 604 (9th Cir. 1987).

Gill's claim that he was illegally held in Maryland State custody does not amount to an error material to the validity and regularity of the legal proceedings leading to his multiple bank robbery convictions. Nor has there been a retroactive change in the law entitling him to relief. Further, this matter comes before the Court 35 years after the fact without explanation as to why

3

Gill did not seek a remedy from the Federal Bureau of Prisons regarding credit for time he spent in Maryland State custody.  In short, the petition fails to state a claim on which relief may be granted and shall therefore be dismissed without requiring a response from the government.

    A separate Order follows.


__April 14, 2021_____                  _____/s/_____
Date                                                        RICHARD D. BENNETT
                                                      UNITED STATES DISTRICT JUDGE